| Jabil Inc. v Mavenir Sys., Inc. |
|:---:|
| 2026 NY Slip Op 31051(U) |
| March 18, 2026 |
| Supreme Court, New York County |
| Docket Number: Index No. 653936/2025 |
| Judge: Andrea Masley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: COMMERCIAL DIVISION PART 48

------------------------------------------------------------------------------X

JABIL INC.,

                          Plaintiff,

                - v -

MAVENIR SYSTEMS, INC.,

                      Defendant.

------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 653936/2025 |
| **MOTION DATE** | -- |
| **MOTION SEQ. NO.** | 007 |

**DECISION + ORDER ON MOTION**

HON. ANDREA MASLEY:

The following e-filed documents, listed by NYSCEF document number (Motion 007) 79, 80, 81, 84, 89, 91

were read on this motion to/for                          SEAL                   .

     In motion sequence 007, plaintiff Jabil Inc. (Jabil) moves pursuant to the Uniform Rules of the New York State Trial Courts (22 NYCRR) § 216.1 to seal the Three Rivers Statement of Work (NYSCEF 74) and redact its Memorandum of Law (MOL) (NYSCEF 78[1]). (*See* NYSCEF Doc. No. [NYSCEF] 84, Order to Show Cause.) The motion is unopposed. There is no indication that the press or public have an interest in this matter.

**Legal Standard**

     "Under New York law, there is a broad presumption that the public is entitled to access to judicial proceedings and court records." (*Mosallem v Berenson*, 76 AD3d 345, 348 [1st Dept 2010] [citations omitted].) The public's right to access is, however, not absolute, and under certain circumstances, "public inspection of court records has

---

[1] A publicly redacted version is filed at NYSCEF 77.

653936/2025   JABIL INC. vs. MAVENIR SYSTEMS, INC.                          **Page 1 of 4**
Motion No. 007

been limited by numerous statutes." (*Id.* at 349.) For example, § 216.1(a) of the Uniform Rules for Trial Courts, empowers courts to seal documents only upon a written finding of good cause. It provides:

> "Except where otherwise provided by statute or rule, a court shall not enter an order in any action or proceeding sealing the court records, whether in whole or in part, except upon a written finding of good cause, which shall specify the grounds thereof. In determining whether good cause has been shown, the court shall consider the interests of the public as well as of the parties. Where it appears necessary or desirable, the court may prescribe appropriate notice and opportunity to be heard." (Uniform Rules for Trial Cts [22 NYCRR] § 216.1 [a].)

The "party seeking to seal court records has the burden to demonstrate compelling circumstances to justify restricting public access" to the documents. (*Mosallem*, 76 AD3d at 349 [citations omitted].) Good cause must "rest on a sound basis or legitimate need to take judicial action." (*Danco Lab Ltd. v Chemical Works of Gedeon Richter, Ltd.*, 274 AD2d 1, 8 [1st Dept 2000] [internal quotation marks and citation omitted].)

**Discussion**

Jabil seeks to seal NYSCEF 74 on the grounds that the Three Rivers Statement of Work "contains highly confidential, non-public technical and commercial information that would cause competitive harm if disclosed." (NYSCEF 81, Jabil's MOL at 3.) Relatedly, Jabil seeks to redact "[o]ne direct quote" from the Three Rivers Statement of Work in its memorandum of law filed at NYSCEF 78. (*Id.* at 4.)

Though courts have sealed records where the disclosure of documents "could threaten a business's competitive advantage" (*Mosallem*, 76 AD3d at 350-351 [citations omitted]), wholesale sealing is generally disfavored (see *Applehead Pictures LLC v Perelman*, 80 AD3d 181, 192 [1st Dept 2010] [citation omitted]). The law requires that

653936/2025  JABIL INC. vs. MAVENIR SYSTEMS, INC.
Motion No.  007

Page 2 of 4

2 of 4

"any order denying access must be narrowly tailored to serve compelling objectives." (*Danco Lab, Ltd.*, 274 AD2d at 6.) Accordingly, Jabil must "propose and justify targeted redactions that satisfy the requirements of 22 NYCRR § 216 [a] and applicable case law" for the court to grant sealing of the Three Rivers Statement of Work. (*Intl. Bus. Machs. Corp. v GlobalFoundries U.S. Inc.*, 2023 NY Slip Op 30203[U], *3 [Sup Ct, NY County 2023] [internal quotation marks and citation omitted]; *see also Danco*, 274 AD2d at 8 [holding that the "failure to target precise areas where redaction should occur violated section 216.1(a)"].)

As to NYSCEF 78, Jabil contends in its memorandum of law that its proposed redaction "is limited to a single direct quotation" from the Three Rivers Statement of Work. (NYSCEF 81, Jabil's MOL at 4.) However, the proposed redactions highlighted in NYSCEF 78 cover much more than a single quotation, in fact, the proposed redactions seek sealing of multiple pages of information. (*See* NYSCEF 78, MOL at 3-5, 14.) Because Jabil fails to offer good cause for these redactions, Jabil fails to satisfy the requirements of 22 NYCRR § 216.1.

Accordingly, it is

ORDERED that motion sequence 007 is denied without prejudice; and it is further

ORDERED that leave is granted to refile an application within 10 days of the date of this decision to seal portions of the documents that contain competitive business information. NYSCEF 74 and 78 shall remain sealed until March 30, 2026; and it is further

653936/2025   JABIL INC. vs. MAVENIR SYSTEMS, INC.
Motion No.  007

Page 3 of 4

[* 3]

ORDERED that Jabil shall comply with Part 48 procedures in this regard, and any application shall also be accompanied by an affidavit from a person with knowledge explaining why portions of certain documents should be redacted.[2]

_____
3/18/2026
**DATE**

2026031842252AMASLEY06E8A3260B7F46F3B1572AD2E9E9B27D

_____
**ANDREA MASLEY, J.S.C.**

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | REFERENCE |

_____
[2] Counsel's affirmation is insufficient.  (*See generally* NYSCEF 80, Rathke aff.)

**653936/2025   JABIL INC. vs. MAVENIR SYSTEMS, INC.**
**Motion No.  007**

**Page 4 of 4**

[* 4]